COMMONWEALTH FOR SATTERLY, ET AL., *v.* HARRISON M. DEMAREE, ET AL.

**Limitations—Pleadings—Waiver.**
> The statute of limitations cannot be invoked to escape liability by one who within the five years prior to the beginning of the action has recognized his obligation to pay and made payments thereon.

**Pleadings—Waiver.**
> The failure of plaintiff to have sued upon the new-promise instead of the old is cured by defendant's answer.

APPEAL FROM WASHINGTON CIRCUIT COURT.

June 23, 1874.

OPINION BY JUDGE LINDSAY:

The plea of limitation bars this action as to all the appellees except the deputy sheriff, Hall. This is not such an action as can be maintained on the sheriff's bond. He in no sense violated his official duty in collecting the two executions in favor of Demaree, nor in failing to return the money to appellant, in view of the fact that Demaree improperly sued out the executions, and had no legal right to receive the amount collected, without first releasing Neman & Co.'s attachment. The sheriff might, by recognizing appellants'

claim, impose upon himself a personal, but not an official, obligation to return the money. The right of action growing out of this personal obligation is barred by the lapse of five years without suit.

The difficulty with Hall is that within five years he has distinctly and unmistakably recognized his obligation to repay the money; and his answer shows that since the institution of the suit he has made payments on the claim. Such unequivocal recognitions of his obligation to return the money takes the case out of the statute as to him. .

It is true that appellants ought to have sued on the new promise, but the error in this regard is cured by the answer. As it is evident the case went off upon the statute of limitations, we deem it unnecessary to notice the pleas of judgment, and the set-offs pleaded by Hall.

The judgment is *reversed* as to Hall, and the cause remanded for further proper proceedings. As to the remaining appellees, the judgment is *affirmed*.

*W. H. Hays, for appellant.*